**In re LEXINGTON HOMES, Inc.**

No. B-6874a.

United States District Court
D. New Jersey.

Nov. 6, 1950.

Ervin S. Fulop, Union, N. J., for debtor.

Alfred E. Modarelli, U. S. Atty., Newark, N. J., for claimant.

SMITH, District Judge.

This is a corporate reorganization under Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq. The matter is before the Court at this time on the question raised by the Trustee's objection to the allowance of interest on a tax claim filed by the Collector of Internal Revenue. The question raised is not entirely free from doubt.

The proposed plan of reorganization, as amended, was approved by the Court on August 16, 1948. The plan was accepted by and on behalf of the general creditors holding two-thirds in amount of the claims filed and allowed, the only parties affected by the plan. Thereafter the amended plan

of reorganization was confirmed, and an order of confirmation was entered on October 4, 1948.

 Article IV of the plan provided for the payment in full of certain priority claims, to wit, wage claims, tax claims, etc. Subsection (b) of the said article itemized the tax claim of the Collector of Internal Revenue as follows: "Federal Tax Claims, Collector of Internal Revenue in the amount of...$6,747.76." This itemization may not be construed as a limitation on the right of the United States to full payment of any tax claim found to be due; in fact, no such contention is here made.

It appears from the record that the Collector of Internal Revenue filed an amended proof of claim in which he asserted a claim in the amount of $8,257.04, plus interest, for social security and withholding taxes for the calendar years 1946-47. An objection to the said claim was filed by the Trustee on September 11, 1948, and written notice thereof was given the Collector of Internal Revenue on or about September 30, 1948. The argument on the issue thus raised was held in abeyance.

The principal amount of this claim was thereafter adjusted and the adjustment was approved by an order entered on January 5, 1949. The said order contained the following provisions: "It Is Ordered that the said amended claim of the Collector of Internal Revenue be adjusted by the allowance of said credit of $1,358.36 to be applied on said item of $1,509.28 for Federal Unemployment taxes for the year 1947 and that the total of said amended claim be reduced from $8,257.04, with interest from the dates therein stated to $6,898.68 with interest on said reduced amount from the dates stated in said proof of claim." The principal amount of the claim was paid.

Thereafter on August 2, 1949 the Trustee filed a petition in which he renewed his objection to the claim of the Collector of Internal Revenue. The principal amount of the claim having been adjusted and paid, the objection was limited to the allowance of interest which accrued after the peti-

tion for reorganization was filed, to wit, October 17, 1947. The narrow issue thus raised is the only one now before the Court.

 It is our opinion that the interest which accrued after the petition for reorganization was filed is allowable; it must be accorded the same priority as the principal. The interest on taxes is ordinarily regarded as an accretion to and a part of the taxes. The Internal Revenue Code, 26 U.S.C.A. § 1420(b), so provides. A claim for taxes, which necessarily includes the interest thereon, is provable in a corporate reorganization under Chapter X of the Act.

██ It is now established that the rule is otherwise where the proceeding is one in bankruptcy. City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 556, 93 L.Ed. 710. The Trustee here relies on the cited case, but it is our opinion that it does not support his argument. There the Supreme Court held: "The long-standing rule against post-bankruptcy interest thus appears implicit in our current Bankruptcy Act. To read into such a statute an exception to that rule would be unwarranted and, as an original proposition, we should decline to do so." This conclusion appears to be based solely on the Court's construction of Sections 57, sub. n, 63, sub. a, and 64, sub. a, of the Bankruptcy Act, 11 U.S.C.A. §§ 93, sub. n, 103, sub. a, and 104, sub. a. The principle adopted by the Supreme Court seems to be clearly limited in its application to proceedings in bankruptcy.

██ A corporate reorganization under Chapter X of the Bankruptcy Act, a remedy created by an amendment to the Act and governed by its provisions, is not a bankruptcy proceeding but a special proceeding which has for its object the rehabilitation of the debtor. Lowden v. Northwestern National Bank & Trust Co., 298 U.S. 160, 56 S.Ct. 696, 80 L.Ed. 1114. It differs from a bankruptcy in that it contemplates the conservation of the corporation and the continuity of its business, and not a liquidation of the assets.

The distinction is recognized by the express provisions of Chapter X of the Act,

484

11 U.S.C.A. § 502, and particularly section 102 thereof. This section provides: "That section 23, subdivisions h and n of section 57, section 64, and subdivision f of section 70 of this title, shall not apply * * * unless an order shall be entered directing that bankruptcy be proceeded with pursuant to the provisions of chapters 1 to 7, inclusive." A further distinction is recognized by the express provisions of Section 106 of the Act, 11 U.S.C.A. § 506, which provides: " 'claims' shall include all claims of whatever character against the debtor or its property, except stock, whether or not such claims are provable under section 63 of this Act, and whether secured or unsecured, liquidated or unliquidated, fixed or contingent". This definition would seem to embrace not only the principal amount of taxes but the statutory interest thereon.

The distinction is discussed in 6 Collier on Bankruptcy, 14th Edition, at page 2815 et seq. We quote the discussion.

"In ordinary bankruptcy, looking to a liquidation of assets, the general rule is that there is a suspension of the accrual of interest on claims as of the date the bankruptcy petition is filed. This general principle is applicable to secured as well as unsecured claims. It is a rule of convenience and equity in distribution; and it combines the advantage of practicability (avoiding recomputation) with equality of distribution. The same general principle also obtained in equity receivership reorganizations, the reason being that while the purpose of the proceeding was to effect a rehabilitation rather than final liquidation, the proceeding of necessity took the ostensible form of a sale of the debtor's property and a distribution of the proceeds, thus leading to the application of the ordinary liquidation rule within that form.

"But Chapter X, as we have demonstrated many times, provides for a rehabilitation and reorganization of the debtor and a preservation of going-concern values, as distinguished from a winding-up process, forced sales and distribution of liquidated assets. Moreover, the chapter in form as well as in purpose achieves this end, and it has done away with the mummery of the sale so essential in the equity receivership technique. Consequently there is no reason of logic or convenience in adhering to a rule designed for application in cases where liquidation and distribution in fact or in form are the basis of the proceeding. In addition, Section 63a of the Act may not be thought to afford a ground for retaining the bankruptcy rule, since the broad definition of 'claims' in Section 106(1) renders Section 63a non-controlling in corporate reorganizations. One over-all consideration, too, is impelling. In corporate reorganizations the 'absolute priority rule' demands that the creditors of each class receive full compensatory treatment for the entire bundle of rights they surrender. Interest on a claim is one of such rights and hence it is entitled to the same treatment as the principal. It is settled, therefore, that in corporate reorganizations, as a general rule, interest on all claims, whether fixed by contract or by the applicable local law, accrues until the date of the consummation of the plan and must be accorded the same priority as the principal of the claim."

The objection to the allowance of interest will be dismissed and the Trustee will be authorized to pay the accrued interest on the taxes, the principal amount of which has already been paid.