### UNITED STATES v. EDENS et al.
### No. 6241.

United States Court of Appeals
Fourth Circuit.

Argued April 11, 1951.

Decided June 6, 1951.

Homer R. Miller, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and A. F. Prescott, Sp. Assts. to Atty. Gen., Ben Scott Whaley, U. S. Atty. and Louis M. Shimel, Asst. U. S. Atty., Charleston, S. C., on brief), for appellant.

Henry Hammer, Columbia, S. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order in a Chapter X proceeding in bankruptcy, 11 U.S.C.A. § 501 et seq., holding that the United States is entitled to interest on tax claims only to date of the filing of the petition in reorganization. The District Judge based his decision on City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 559, 93 L.Ed. 710, which held that interest on tax claims ceased to run upon the filing of a petition in ordinary bankruptcy. The government attempts to distinguish a Chapter X proceeding from such a case.[1]

We think that the decision below was correct. The holding in City of New York v. Saper was that "by the 1926 amendment and the Chandler Act, Congress assimilated taxes to other debts for all purposes, including denial of post-bankruptcy interest"; and there is nothing in Chapter X or in any other provision of the act to indicate any intention by Congress that tax claims should be treated any differently in this respect in Chapter X proceedings from the way they are treated in other bankruptcy proceedings. It could hardly have been contemplated that a tax claim filed in a Chapter X proceeding should be entitled to post bankruptcy interest upon a reorganization of the debtor but not if reorganization should fail and an adjudication of straight bankruptcy should follow. That the rights of creditors are no greater in Chapter X proceedings than in ordinary bankruptcy is expressly provided by 11 U.S.C.A. § 600, which is as follows: "Where not inconsistent with the provisions of this chapter, the rights, duties, and liabilities of creditors and of all other persons with respect to the property of the debtor shall be the same, before the approval of the petition, as in a bankruptcy proceeding before adjudication and, upon the approval of the petition, as in a bankruptcy proceeding upon adjudication."

We do not think it any ground of distinction that the Supreme Court in the Saper case referred to certain sections of the Bankruptcy Act which have no relation to Chapter X proceedings. The purpose of this was not to delimit the change made by Congress with respect to post bankruptcy interest on tax claims but merely to point out indicia of the Congressional purpose to adopt the rule of the English bankruptcy act in the elimination of post bankruptcy interest. In United States v. General Engineering & Mfg. Co., 8 Cir., 188 F.2d 80, post bankruptcy interest was denied on a tax claim in a Chapter XI, 11 U.S.C.A. § 701 et seq., reorganization; and we see no ground upon which that case can be distinguished from the case at bar. What was said by Judge Sanborn in that case relative to a Chapter XI proceeding, we think to be equally applicable here. Said he: "It seems obvious to us that all of the sections of the Bankruptcy Act upon which the Supreme Court relied in the Saper case in demonstrating that tax claims in bankruptcy proceedings are debts and that interest upon them is allowable only to the date of bankruptcy are equally applicable to proceedings for an arrangement under Chapter XI. We agree with the Referee in Bankruptcy and the District Court that the Government in the instant proceeding was no more entitled to the allowance of interest on its tax claim after November 17, 1948, than it would have been had the debtor on that day been adjudicated a bankrupt."

The equitable considerations which justify denying post bankruptcy interest on tax claims in the case of reorganization proceedings are quite as strong as for denying it in straight bankruptcy proceedings. The real reason in either case is that the delay resulting from the institution of the proceeding should not be permitted to

1. This distinction finds support in In re Lexington Homes, D.C., 94 F.Supp. 482 and 6 Collier (14th ed.) pp. 2815–2819.

benefit one class of creditors at the expense of another, but that the rights of all should be determined as of the commencement of the proceeding. It is easy to see that post bankruptcy interest on tax claims in ordinary bankruptcy comes out of assets to which other creditors would be entitled. While not so simple, the same is true in case of reorganizations under Chapter X; for the amount allotted creditors under any plan of reorganization must necessarily take account of claims which have been given absolute priority. Here as in the case of simple bankruptcy, no class of creditors should be allowed to profit at the expense of another because of a delay for which the law is responsible.

We find nothing in the debates of Congress which conflicts with the conclusion here reached. We are referred to 79 Congressional Record Part 13 p. 14,101, wherein reference is made to the provision of Section 77–B, 11 U.S.C.A. § 207, of the Bankruptcy Act which requires that notice of a plan of reorganization affecting tax claims be given to the Secretary of the Treasury and that his consent be obtained before the government can be required to accept less than its claim. There is nothing in this to indicate that claims for taxes are to bear interest after the filing of the petition. It indicates merely that, in a plan of reorganization tax claims may be scaled with the approval of the Secretary of the Treasury.

For the reasons stated, the order of the court below will be affirmed.

Affirmed.