**MARCALUS MANUFACTURING CO., Inc.**

v.

**UNITED STATES.**

No. 203–57.

United States Court of Claims.

Jan. 14, 1959.

822

Richard W. Wilson, New York City, for plaintiff.

Robert Livingston, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., were on the brief.

JONES, Chief Judge.

The primary issue presented here is whether interest may be collected on unpaid Federal income taxes subsequent to the date a petition is filed for reorganization under chapter X of the Bankruptcy Act,[1] when the taxpayer was solvent during and at the time of termination of the reorganization, and at all times its assets exceeded its liabilities.

The essential facts are contained in the stipulation signed by the parties, supplemented by the additional facts. to which the parties agreed at the pretrial conference. Briefly they are as follows: At all relevant dates the taxpayer, a New Jersey corporation, was engaged in the business of manufacturing and selling various paper products. On May 4, 1949, the plaintiff filed a voluntary petition for reorganization under chapter X of the Bankruptcy Act in the United States District Court for the District of New Jersey. On that date there were outstanding unpaid Federal taxes duly assessed against the plaintiff in the aggregate amount, including interest to May 4, 1949, of $294,670.71. The object of the petition for reorganization was plaintiff's rehabilitation and conservation, the continuity of its business and not a liquidation of its assets.

Plaintiff's business was continued by a trustee in bankruptcy appointed by the United States District Court for the District of New Jersey. During and upon termination of the reorganization, plaintiff was solvent and at all times its assets exceeded its liabilities.

About November 10, 1950, the Commissioner of Internal Revenue determined that plaintiff had sustained a net operating loss in the fiscal year ending April 30, 1950, in the amount of $1,426,-148.41 subject to the carryback provisions of the tax laws in effect at that time. This loss resulted from the sale of assets connected with the operation of plaintiff's mill at Lincoln, New Hampshire. At the time of filing its petition for reorganization, plaintiff was the owner of property and plants located in New Jersey and New Hampshire, and real property in the States of Maine, New Hampshire, and Vermont, including tools, machinery, equipment, inventory and supplies located on the said premises and cash on hand in banks. It had an interest in its property over and above the claims of its creditors and stockholders.

During the year 1952, the Commissioner issued plaintiff certificates of overassessment disclosing that through credits and abatements and payments the taxes due and outstanding as of May 4, 1949, were satisfied and eliminated.

1. July 1, 1898 (30 Stat. 544), as amended by the Chandler Act of June 22, 1938 (52 Stat. 840), 11 U.S.C.A. § 501 et seq.

In making the adjustments the Commissioner computed interest on outstanding taxes to dates beyond May 4, 1949, in the sum of $15,349.69 by utilizing that amount of credits from the carryback of the 1950 net operating loss. This is the interest that is sought to be recovered in the instant case. This interest was not paid to the defendant out of the estate administered by the trustee in bankruptcy. It was satisfied out of funds in possession of the defendant to which plaintiff became entitled by virtue of refunds of income taxes for the fiscal years ending April 30, 1948, and April 30, 1949.

It is plaintiff's position that the defendant may not lawfully collect or withhold interest from refunds of income taxes computed to a date subsequent to the filing of a petition for reorganization under chapter X of the Bankruptcy Act.

It is the position of the defendant that the Government may collect interest upon unpaid Federal taxes beyond the date of the filing by taxpayer of a voluntary petition for reorganization under chapter X of the Bankruptcy Act when (1) taxpayer is solvent at the termination of reorganization, and (2) when the interest is not payable out of the estate administered by the trustee in bankruptcy.

The facts are not in dispute. The sole question is whether interest may be collected for a period beyond the date of filing a petition in bankruptcy in the circumstances disclosed by the stipulation and pretrial agreement.

The plaintiff relies upon the cases of City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710; United States v. Edens, 4 Cir., 189 F.2d 876, affirmed 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682; and Columbia Aircraft Co. v. United States, D.C., 163 F.Supp. 932; and 3 Collier on Bankruptcy (14th ed.) p. 1838, to support is position that the liability for the payment of interest ceases at the time of the filing of the petition in bankruptcy or for reorganization.

The defendant concedes that this is the general rule, but claims that the facts of this case bring it, *inter alia,* definitely within the generally recognized exception, to-wit: that interest may be collected beyond the date of filing the petition in instances in which the petitioner was solvent at the time of the termination of the proceedings.

We agree with the defendant that the facts of this case bring it squarely within at least one of the two exceptions that are generally recognized through a long series of decisions in connection with bankruptcy proceedings.

In the Saper case, supra, cited by plaintiff, the court in holding that the State of New York could not collect interest on taxes beyond the date of the filing of the petition in bankruptcy under the peculiar facts of that case, stated that it was a fundamental principle of the English bankruptcy system "which we copied," that as a general rule interest was stopped as of the date of filing a petition in bankruptcy. At the same time the court recognized two exceptions found in footnote 7,336 U.S. on page 330, 69 S.Ct. on page 556, from which we quote the following:

"Two exceptions were recognized: if the alleged 'bankrupt' proved solvent, creditors received post-bankruptcy interest before any surplus reverted to the debtor, Bromley v. Goodere, 1 Atk. 75; Ex parte Mills, 2 Ves.Jr. 295; Ex parte Clarke, 4 Ves.Jr. 676; and if securities held by a creditor as collateral produced interest or dividends during bankruptcy such amounts were applied to post-bankruptcy interest [citations omitted]. These exceptions have been carried over into our system. See American Iron & Steel Mfg. Co. v. Seaboard Air Line, 233 U.S. 261, 267, 34 S.Ct. 502, 505, 58 L.Ed. 949; Sexton v. Dreyfus, 219 U.S. 339, 346, 31 S.Ct. 256, 258, 55 L.Ed. 244."

In practically every case which we have been able to find in which the question of the solvency at the time of termination of the proceedings became an issue, this exception has been recognized.

The taxpayer in the instant case was solvent at all times during and upon termination of the reorganization and at all times its assets exceeded its liabilities. In these circumstances the general rule invoked in the Saper case has no application to the facts in this case.[2]

In the case of Columbia Aircraft Co., supra, the court clearly recognized that the exception would apply if the "carryback" were sufficient to pay all the debts in full. The case of Matter of Cameron, D.C., 166 F.Supp. 400, 402, while denying a refund of interest in the facts of that particular case, clearly recognizes the exception. From that case we quote the following:

> "The determination of the matter before us must be made against the background we have just outlined, that, as a rule, the disallowance of interest is, and has been, traditionally the rule in bankruptcy. The exceptions to the rule are few. Interest will be allowed in bankruptcy or liquidation if (a) by reason of a change of affairs the estate can pay out the creditors in full and there is money left to pay interest; * * *"

The exception has been generally recognized. There is a reason for it. In a voluntary petition for reorganization the equities may be properly adjusted, but where, as in this case, the debtor at all times concededly had assets in excess of its liabilities and is only temporarily embarrased in meeting current obligations, the reason for the general rule disappears. In such instances the petition for reorganization is largely for the debtor's own convenience and is voluntarily filed. It may serve a good purpose in permitting a concern to ultimately get more securely on its feet, but at the same time when its appraised assets at all times exceeded its liabilities it would be inequitable to permit the petitioner to escape its just debts. This conclusion makes it unnecessary to discuss the effect of the payment of taxes out of funds in the custody of the defendant.

The petition will be dismissed.

It is so ordered.

EDGERTON, Circuit Judge, sitting by designation, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

