**In re Ronald Frederick CHRISTIAN, SS # 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, and Charlotte Winslow CHRISTIAN, SS # 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, f/d/b/a Frederick's Construction Enterprises, Debtors.**

**Bankruptcy No. 81-01331 M S.**

United States Bankruptcy Court,
D. New Mexico.

Nov. 30, 1982.

Daniel J. Behles, Albuquerque, N.M., for debtors.

Gary B. Ottinger, Chapter 13 Trustee.

Wayne G. Chew, Asst. U.S. Atty., Albuquerque, N.M., for I.R.S.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court for confirmation of the debtors' chapter 13 plan and on an objection to the plan filed by the Internal Revenue Service. The objection of the IRS is that the debtors' plan does not allow for post-petition interest on the unsecured priority claim of the IRS. The debtors and the trustee contend that in a chapter 13 plan, the IRS is not entitled to interest on its claim and that the plan should be approved.

This Court has not found any case law on this precise issue, and so deals with this as a case of first impression. We look to decisions under similar Code sections, cases under the repealed Bankruptcy Act, and to the language of the Bankruptcy Code itself in determining this issue.

First, § 502(b)(2) of the Bankruptcy Code disallows claims for unmatured interest, 11 U.S.C. § 502(b)(2); § 1328(c) discharges such a disallowed claim, 11 U.S.C. § 1328(c). These two sections not only forbid the IRS's assessment of post-petition interest, but also forbid any attempt by the IRS to collect it from the debtor after the completion of the plan. The IRS offers *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), as support for the contention that post-petition interest is allowed and survives the bankruptcy. However, *Bruning* was decided under the Bankruptcy Act and was limited to a case where the claim for taxes was not paid out of the estate, and so the taxes themselves, not just the post-petition interest, survived the

bankruptcy and became the responsibility of the debtor through the operation of the Act. *Id.* at 376 U.S. 362, 84 S.Ct. 908, 11 L.Ed.2d 775. The instant case concerns a tax debt to be paid in full from the estate, as well as *pre*-petition interest and penalties. No debt for taxes will survive the bankruptcy. Additionally, *Bruning* involved a liquidation under the Act and can be readily distinguished from the present case.

The government also suggests that 11 U.S.C. § 1322(a)(2), which provides for full payment of priority claims through deferred cash payments, and 11 U.S.C. § 1325(a)(4) combine to require "present value"—the full amount of the claim with interest until final payment—rather than full payment of the claim itself as of the date of the bankruptcy petition. We are not persuaded for two reasons. First, § 1325(a)(4) of the Code applies to unsecured claims in general, not unsecured priority claims, which are made a separate and distinct class by § 507. Section 1325(a)(4) provides some protection for unsecured claims which is not needed by unsecured priority claimants since chapter 13 requires full payment of those claims. Second, the language "value . . . equal to the allowed amount of such claim," which is very close to the language of § 1325(a)(4) which the IRS argues requires post-petition interest, has been found not to do so. The decision of *In re Burgess Wholesale Mfg. Opticians, Inc.,* 5 C.B.C.2d 1234, 8 B.C.D. 756, 16 B.R. 733 (Bkrtcy.N.D.Ill.1982), considered the right of the Internal Revenue Service to assess post-petition interest on dischargeable unsecured claims in a chapter 11 plan. The *Burgess* court looked at the language of 11 U.S.C. § 1129(a)(9)(C) which provides that priority tax claims will be paid "deferred cash payments . . . of a *value,* as of the effective date of the plan, equal to the allowed amount of such claim" (emphasis added). This language is much closer to that which supports the IRS position in the instant case than the language actually found in chapter 13. Nonetheless, the court in *Burgess* disallowed assessment of interest on deferred cash payments in light of

the prohibition in § 502(b)(2), discussed above. *In re Burgess Wholesale Mfg. Opticians, Inc., supra.* We are convinced that if the result of *Burgess* is to disallow post-petition interest in a chapter 11 bankruptcy, the result must be the same in a chapter 13 proceeding.

Other cases which reach the issue of post-petition interest on a claim in a chapter 13 proceeding are in two areas: secured claims and solvent debtors. *In re Caudle,* 7 B.C.D. 1307, 13 B.R. 29 (Bkrtcy.W.D.Tenn.1981), and *In re Busman,* 6 B.C.D. 683, 5 B.R. 332 (Bkrtcy.E.D.N.Y.1980), are cases in which the secured creditor claimed post-petition interest. These cases stand for the general rule that secured creditors are entitled to such interest, and are distinguishable from the present case because they involve secured claims rather than unsecured priority claims. *In re Oahu Cabinets Ltd.,* 4 C.B. C.2d 441, 7 B.C.D. 402, 12 B.R. 160 (Bkrtcy. D.Haw.1981), is a case in which the court dealt with a solvent debtor and found that post-petition interest might be paid if there is a surplus in the estate after all creditors are paid in full and assets are then sufficient to pay interest on all claims of equal rank. That is clearly not the state of affairs in the instant case, and we agree that until all creditors are paid in full, priority unsecured creditors will not be allowed to assess interest accrued after the filing of the petition.

In summary, we believe the Bankruptcy Code is clear that post-petition interest is not allowable, 11 U.S.C. § 502(b)(2), and that, as a claim disallowed under § 502, it is dischargeable pursuant to § 1328. Accordingly, the objection of the Internal Revenue Service to the plan of the debtors will be denied and the debtors' chapter 13 plan will be confirmed.

An appropriate order shall enter.