**In re Sheila Paulette BOONE, Debtor.**

**Sheila Paulette BOONE, Plaintiff,**

v.

**I.S.S.C. f/k/a Illinois Student Assistance Commission, Defendant.**

Bankruptcy No. 91–30239.
Adversary No. 97–3127.

United States Bankruptcy Court,
S.D. Illinois.

Dec. 2, 1997.

William A. Mueller, Belleville, IL, for Plaintiff.

David J. Hershman, Chicago, IL, for Defendant.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

At issue in this case is whether post-petition interest may accrue on a nondischargeable student loan obligation during the pendency of a Chapter 13 bankruptcy.

The facts of this case are not in dispute. On March 4, 1991, the debtor filed for protection under Chapter 13 of the Bankruptcy Code. The Illinois Student Assistance Commission(now known as the I.S.S.C.) filed a claim in the amount of $4,434.82, which represented the unpaid principal balance of the debtor's student loan plus pre-petition interest. Pursuant to the debtor's first amended plan, which was confirmed on May 30, 1991, the I.S.S.C. was to be paid 100% of its filed and allowed claim.

On April 18, 1996, the trustee filed his final report indicating that the debtor had completed her Chapter 13 plan and that the I.S.S.C. had received complete payment of its allowed claim. A final decree was entered April 22, 1996, granting the debtor her Chapter 13 discharge. After the discharge was entered, the I.S.S.C. began efforts to collect unmatured interest that had accrued on the student loan for the period of November 28, 1990, through March 4, 1996. The debtor then brought this action to enforce the discharge injunction. While the debtor concedes that the I.S.S.C. is entitled to pre-petition interest on its claim, she argues that pursuant to §§ 502(b)(2) and 1328(a) of the Bankruptcy Code, collection of unmatured or post-petition interest is prohibited.

## DISCUSSION

As a general rule, a Chapter 13 debtor is entitled to receive a discharge of all debts

which were provided for in the plan of reorganization or which were disallowed under § 502 of the Code. 11 U.S.C. § 1328(a). This discharge operates as an injunction against any further collection of these debts as a personal liability of the debtor. 11 U.S.C. § 524(a)(2).[1] However, not all debts are subject to discharge. Among those excepted from discharge in a Chapter 13 case are student loan obligations.

Section 523(a)(8) of the Code provides:

(a) A discharge under section ... 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational ... loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend....

11 U.S.C. § 523(a)(8). The debtor maintains that under this section, only the principal student loan amount is nondischargeable in bankruptcy. Because § 523(a)(8) does not specifically address whether interest on such obligations is nondischargeable, the debtor argues that this issue is governed by 11 U.S.C. § 502(b)(2).

■ Section 502(b)(2) of the Bankruptcy Code prohibits creditors from claiming unmatured interest in a bankruptcy proceeding. It states, in pertinent part, that

if ... objection to a claim is made, the court ... shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim ... in such amount, except to the extent that—

(2) such claim is for unmatured interest.

11 U.S.C. § 502(b)(2). The purpose of this long-standing rule is one of administrative convenience and fairness to all creditors. *In re Leeper v. Pennsylvania Higher Ed. Assn.*, 49 F.3d 98, 101 (3d Cir.1995); *In re Hanna*, 872 F.2d 829, 830 (8th Cir.1989). It facilitates the calculation of claims and "assures that creditors at the bottom rungs of the priority ladder are not prejudiced by the delays inherent in liquidation and distribution of the estate." *Hanna*, 872 F.2d at 830. This prohibition against filing a claim for post-petition interest even extends, in most instances, to cases where the underlying debt is nondischargeable. *Leeper*, 49 F.3d at 101.

■ A careful reading of § 502(b)(2), however, reveals that it only prohibits creditors from filing claims for unmatured interest against the bankruptcy *estate*. It does not address whether a creditor may recover such interest from the debtor *personally* after bankruptcy. Although the statute is silent on this point, the majority of courts considering the issue have held that accrued interest on a nondischargeable debt remains a personal obligation of the debtor once the bankruptcy case is concluded. The controlling case is *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). In *Bruning*, a taxpayer who had received a discharge in bankruptcy challenged the Internal Revenue Service's attempt to collect post-petition interest on a nondischargeable tax obligation. The taxpayer argued that, traditionally, creditors are not entitled to claim post-petition interest from the bankruptcy estate. The *Bruning* court distinguished between denying claims for post-petition interest on nondischargeable debts against the bankruptcy estate and allowing the collection of accrued interest on such debts from the debtor personally following bankruptcy. *Id.* at 362–63, 84 S.Ct. at 908–09. The court noted that Congress, in making the underlying tax obligation nondischargeable, "clearly intended that personal liability for unpaid tax debts survive bankruptcy[,]" and found "no reason to believe that Congress had a different intention with regard to personal liability for the interest on such debts." *Id.* at 361, 84 S.Ct. at 908.

■ Although *Bruning* was decided under the Bankruptcy Act prior to the enactment of

---

1. Section 524(a)(2) states:
   (a) A discharge in a case under this title—
   (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.
   11 U.S.C. § 524(a)(2).

the Code, its reasoning has been consistently applied to cases arising under the Code. *See In re Burns,* 887 F.2d 1541, 1543 (11th Cir. 1989); *In re Hanna,* 872 F.2d at 830–31; *In re Paulson,* 152 B.R. 46, 49–51 (Bankr. W.D.Pa.1992). Courts in these cases recognize the admonition that when Congress amends the bankruptcy laws, it does not write on a clean slate, and Code provisions should not be interpreted to effect a major change in pre-Code practice without a clear indication that Congress intended to do so. *See In re 203 LaSalle Street Partnership,* 126 F.3d 955, 965 (7th Cir.1997) *quoting Dewsnup v. Timm,* 502 U.S. 410, 419, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992). In the present case, Congress has given no indication that it intended enactment of the Code to change the prior practice followed in *Bruning.* Thus, although *Bruning* involved the accrual of interest on a nondischargeable tax obligation, its reasoning has been extended to other nondischargeable obligations, including student loans. *See Leeper,* 49 F.3d at 101; *In re Shelbayah,* 165 B.R. 332, 337 (Bankr.N.D.Ga.1994); *In re Branch,* 175 B.R. 732, 733–34 (Bankr.D.Neb.1994).

▮ While the debtor acknowledges the *Bruning* decision, she argues that its reasoning is inapplicable where the underlying debt is paid in full through the debtor's Chapter 13 plan. In support of this argument, the debtor cites two decisions from the same bankruptcy court, *In re Christian,* 25 B.R. 438 (Bankr.D.N.M.1982) and *In re Wasson,* 152 B.R. 639 (Bankr.D.N.M.1993). In *Christian,* the court held that the *Bruning* rule did not apply to a nondischargeable tax debt that had been fully paid out of the debtors' bankruptcy estate. *Christian,* 25 B.R. at 438–39. This conclusion was extended to student loans in *Wasson.* In both instances, the court interpreted § 502(b)(2) to prohibit the accrual of post-petition interest during the pendency of the Chapter 13 case. The court reasoned that because the underlying debt did not survive bankruptcy, there was no longer any obligation for which the debtor could be personally liable. *See Christian,* 25 B.R. at 438–39; *Wasson,* 152 B.R. at 642.

The *Christian* and *Wasson* court failed to distinguish between the disallowance of un-matured interest, on the one hand, and the non-accrual of interest, on the other, and this Court, therefore, declines to follow the reasoning of those cases. Although § 502(b)(2) prohibits creditors from claiming unmatured interest in a Chapter 13 case, this provision was intended to ensure that creditors other than those holding nondischargeable obligations receive their fair share of the estate. Simply because a student loan creditor may not recover interest on its claim from the assets of the estate in no way affects whether interest may continue to accrue on the obligation. Thus, even if the debtor pays the full amount of the student loan creditor's prepetition claim pursuant to the plan, the debtor will remain liable at the conclusion of the plan for post-petition interest that accrues on the decreasing balance of the principal amount paid under the plan. *Shelbayah,* 165 B.R. at 337.

With the exception of the *Christian* and *Wasson* court, every court addressing the issue has concluded that interest may accrue on nondischargeable student loans during the pendency of a Chapter 13 plan. *Leeper,* 49 F.3d at 103. *See also In re Jordan,* 146 B.R. 31, 32–33 (D.Colo.1992); *In re Ridder,* 171 B.R. 345, 346–47 (Bankr.W.D.Wis.1994). This conclusion is most consistent with the language and the intent of § 523(a)(8). Congress could have specifically excluded accrued interest from this section but did not do so. One explanation for this omission is that Congress perceived interest to be an integral part of a creditor's nondischargeable claim. Indeed, interest is generally regarded as the cost of using the amount owed to a creditor and an incentive for prompt repayment and, thus, an integral part of a continuing debt. For this reason, "logic and reason indicate that post-petition interest on a ... claim excepted from discharge ... should be recoverable in a later action against the debtor personally...." *Bruning,* 376 U.S. at 360, 84 S.Ct. at 908.

This Court likewise holds that interest may accrue on a nondischargeable student loan obligation during the pendency of a Chapter 13 proceeding, even where the underlying obligation is paid in full through the debtor's plan. In so holding, the Court re-

jects the debtor's attempt to analogize this situation to the treatment of priority claims under § 1322(a)(2). That section, which concerns the treatment of priority claims in a Chapter 13 plan, states:

> (a) A plan shall—
>
> (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under § 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim.

11 U.S.C. § 1322(a)(2).

The debtor argues that because § 1322(a)(2) does not specifically provide for interest on priority claims, it necessarily follows that holders of nondischargeable obligations are similarly not entitled to interest payments. In support, the debtor cites *In re Hageman,* 108 B.R. 1016, 1018 (Bankr. N.D.Iowa 1989) and *In re Young,* 61 B.R. 150, 154 (Bankr.S.D.Ind.1986). However, the debtor's reliance on these cases is misplaced. Both *Hageman* and *Young* dealt with attempts by the Internal Revenue Service to receive post-petition interest under the debtors' Chapter 13 plans. In the present case, the creditor is not attempting to recover post-petition interest from the estate but, rather, is seeking to collect it from the debtor personally.

■ The debtor argues finally that if this Court adopts the *Bruning* rule, the interest obligation remaining after bankruptcy will seriously impair her fresh start. While the Court agrees that providing debtors with a fresh start is one of the fundamental goals of bankruptcy, it is not the only interest that is entitled to protection. A debtor's fresh start must be balanced against the creditors' right to fair treatment. *In re Coonce,* 213 B.R. 344, 349 (Bankr.S.D.Ill.1997). While such a rule may lead to harsh results, it is the only conclusion supported by the Code. For the reasons stated herein, the debtor's complaint to enforce the discharge injunction is DISMISSED.