ORDER ON SHOW CAUSE
 

 (Educational Credit Management)
 

 RODNEY R. STEELE, Chief Judge.
 

 At Montgomery, Alabama on August 23, 1999, the court called this case for hearing on an order to show cause directed to Educational Credit Management, (hereinafter “ECMC”), Financial Management Services, and Transitional Guaranty, Inc. regarding a student loan obligation paid through this now discharged Chapter 13 plan.
 

 This case had been continued from time to time awaiting disposition of a similar issue in the District Court for the Northern District of Alabama. That case has
 
 *896
 
 now been decided and an opinion and order entered.
 

 Counsel for debtors and ECMC the successor in interest to the student loan obligation presented argument and briefs in court on August 23, 1999, after which the court took the matter as submitted.
 

 I.Facts
 

 In September 1991, debtors filed a petition for relief under Chapter 13, Title 11 of the United States Code. In the plan, debtors included two student loan obligations owing to the Higher Education Assistance Foundation, (hereinafter “HEAF”).
 

 The student loans were incurred in May 1987 in the amounts of $4,000 and $2,625. At the time of filing Chapter 13 the loans were in default. Debtors plan provided to pay the loans at $5,005.14, (on the $4,000 loan), and $3,114.21, (on the $2,625 loan).
 
 [1]
 

 Debtors objected to the claims filed by HEAF on account of the student loan debts being excessive. The court set the objection to claim for hearing on April 19, 1993. HEAF was given notice of the hearing and objection to claim. No responses were made. The court sustained the objection to claim and concluded the claims of HEAF were filed in incorrect amounts. The claims were then reduced and set at $5,005.14 and $3,114.21.
 

 Between January 1996 and August 1998 debtors were contacted on many occasions by ECMC and Financial Management stating they were delinquent on their student loan payments. Then in October 1998 debtor Rita Girard wrote to the court setting forth her predicament and requesting a hearing to clear matters up.
 

 Thereafter, the court issued an order to show cause against ECMC, Financial Management, and Transitional Guaranty and set the case for hearing.
 

 II.Issue
 

 Does interest continue to accrue on a nondischargeable debt, here a student loan, during the pendency of a Chapter 13 case?
 

 III.Conclusions
 

 Student loans are nondischargeable. 11 U.S.C. § 523(a)(8). The Bankruptcy Code fails to mention whether or not interest continues to accrue on the nondischargeable student loan during the pendency of the Chapter 13 plan.
 

 The student loans were the subject of an objection to claim during the Chapter 13 case. HEAF, the loan holder at the time, failed to make any response. In a Chapter 13 plan where there is an objection to claim of a nondischargeable debt, only the amount of the debt
 
 to be paid in the Chapter IS case
 
 is in issue. The question of dischargeability is not in issue in an objection to claim.
 

 The court did determine however, the amount of the student loan obligation including interest to be paid. In effect debtors were, by their objection to claim, stating that the amount claimed owed by the creditor is disputed, incorrect, or as here, excessive. An objection to claim is the proper procedure to determine the amount of money owed. Debtors were not seeking a discharge of the student loan obligation. What they were seeking was the amount of money owed to the creditor so that the debt could be paid. As Judge Stilson pointed out in
 
 In re Aldrinette Bell,
 
 97-00635-CMS-13, AF97-00202-CMS-13:
 

 [t]he Bankruptcy Court had jurisdiction to hear evidence and decide the amount Bell owed HEAF for the loan as of the petition date. The Bankruptcy Court’s determination of Bell’s debt on the day of filing thus collaterally estops the Higher Education Assistance, ... from asserting that the debt on the date of
 
 *897
 
 filing was other than the $2,000.00 allowed claim.
 

 ECMC is attempting to re-litigate an objection to claim that was not responded to in the Chapter 13 case. ECMC is clever in disguising its argument on discharge grounds while in effect attempting to nullify the court’s ruling on the objection to claim.
 
 [2]
 
 “To invoke collateral estoppel, a party must demonstrate four elements: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.”
 
 Matter of McWhorter,
 
 887 F.2d 1564 (11th Cir.1989).
 

 “Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a ‘full and fair opportunity’ to litigate that issue in an earlier case.”
 
 In re St. Laurent,
 
 991 F.2d 672 (11th Cir.1993), citing
 
 Allen v. McCurry,
 
 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).
 

 ECMC and/or its predecessor had “full and fair opportunity” to determine the amount of the claim in the Chapter 13 proceeding. Student loans are nondis-chargeable, but where debtor is seeking to pay the full amount pre-petition through the Chapter 13 plan, discharge is not a question because debtor is not seeking to discharge the debt, rather he is paying the debt in full over the life of the plan. Debt- or cannot propose to pay, and creditor cannot claim, post-petition interest because of 11 U.S.C. § 502. However, since the underlying debt is nondischargeable, so is the interest and debtor must pay the interest after discharge.
 

 “Even if a student loan debt is modified by a Chapter 13 plan, the unpaid portion of the student loan debt survives bankruptcy. Creditors may still recover the unpaid portion of the student loan personally from the debtor outside of bankruptcy.” Here, the unpaid portion is post-petition interest and interest which has accrued since the Chapter 13 discharge.
 
 In re Taylor,
 
 223 B.R. 747 (9th Cir. BAP 1998). Cf.
 
 Leeper v. Pa. Higher Educ. Assistance,
 
 49 F.3d 98 (3rd Cir.1995) (Post petition accrues on a nondis-chargeable debt while the plan is pending).
 

 Postpetition interest is nondis-chargeable and the debtors remain liable for that interest subsequent to the bankruptcy proceedings.
 
 In re Pardee,
 
 218 B.R. 916, (9th Cir. BAP 1998), citing
 
 Hanna v. United States (In re Hanna),
 
 872 F.2d 829, 831 (8th Cir.1989).
 

 Debtors
 
 paid,
 
 in their Chapter 13 plan, $5,005.14 on one claim and $3,114.21 on the other. The original loan amounts were, as stated above, $4,000 and $2,625. The loans were incurred in May 1987.
 
 [3]
 
 Debtors filed their bankruptcy case in September 1991. Some four years elapsed from the date the loans first became due to the time the bankruptcy petition was filed.
 

 
 *898
 
 The student loans have exchanged hands four times since they were incurred.
 

 In January 1996, Transitional Guaranty Agency, Inc., sent debtors a letter stating the outstanding balance on loan # 1 was $2,734.82 and $1,274.17 on loan # 2 and further provides for collection costs totaling 33 1/3% of the outstanding balance and interest. In July 1997 Financial Management Services, Inc., (hereinafter “FMS”), sent debtors a letter stating the outstanding balance on the student loans, combined, was $6,038.01. In September 1997 ECMC sent debtors a letter stating the amount owed was $6,120.18, combined. In October 1997 ECMC sent debtors a letter stating the outstanding balance on the student loans was $7,490.90, combined. At that time ECMC gave further notice of “collection costs” for $966.90 and $442.05. In November 1997 FMS sent debtors a letter stating the outstanding balance on the students loans combined was $6,167.93. In May 1998 FMS sent debtors a letter stating the outstanding balance on the student loans combined was $7,538.15. This amount included $1,760.41 in “fees” on loan # 1, (the original $4,000 loan) and $799.86 in “fees” on loan # 2, (the original $2,625.00 loan).
 
 [4]
 

 ECMC, or whoever the loan holder happens to be today, is only entitled to
 
 interest on the student loans
 
 that was not paid in the Chapter 13 plan and that which has accrued since. “Even if nondischargeable debt has been paid in full by bankruptcy estate, accrual of postpetition interest during Chapter 13 plan is not precluded.”
 
 Leeper,
 
 supra.
 

 The nondischargeable student loan debt was paid in full in the bankruptcy case with the exception of post-petition interest.
 

 Debtors Chapter 13 plan provided for principal and interest on both student loans as of the date of filing. Those amounts were reduced pursuant to an unanswered objection to claim filed by debtors. However, debtors failed to provide for interest payments on the student loans during the pendency of the plan. There is no question of the amount paid under the plan.
 

 The amount of the claims was set by the court, after notice and hearing, at $5,005.14 on student loan # 1 and $3,114.21, on student loan # 2. ECMC is entitled to 8% interest on a declining bal-" anee from the date of filing the Chapter 13 plan on the allowed claims.
 
 In re Boone,
 
 215 B.R. 386, (Bankr.S.D.Ill.1997).
 
 [5]
 

 ECMC is not estopped from collecting the deficiency not paid under debtor’s Chapter 13 plan. But the court finds the only deficiency remaining on the fully paid claims is that of post-petition interest. As distinguished from the opinion entered by Judge Guin in the
 
 Bell v. ECMC (In re Bell),
 
 236 B.R. 426 (N.D.Ala.1999), the amount of the debt to ECMC was paid in full leaving no nondischargeable deficiency to which ECMC can now collect.
 

 After consideration of the case, case file, pleadings, oral argument, and relevant statutory and case law, the court finds and concludes, and it is hereby
 

 ORDERED that the order to show cause is decided in favor of the creditor, ECMC, with the following PROVISOS:
 

 (1) On the allowed claim of $5,005.14, for the # 1 student loan, debtors now owe ECMC $859.98 in interest accrued on a declining balance during the pendency of the plan, plus $275.19 in interest from the date of
 
 *899
 
 discharge. The total amount owing on this student loan is $1,135.17.
 

 (2) On the allowed claim of $3,114.21, for the #2 student loan, debtors now owe ECMC $535.03 in interest accrued on a declining basis during the Chapter 13 plan, plus $171.20 in interest since the date of discharge. The total amount owing to ECMC on this student loan is $706.23.
 

 (3) Counsel for ECMC is allowed a fee of $300.00 for his representation in this case.
 

 (4) “Collection costs”, “other costs”, “fees”, “default fees”, and “charges”, were part of the claim allowed in the Chapter 13 case and were paid through the plan, all such claims now asserted are disallowed.
 

 (5) No answer or other response were received from Financial Management Services, Inc., and Transitional Guaranty, Inc., after notice of the hearing. Therefore, all amounts claimed owed or owing to these entities are disallowed.
 

 [1]
 

 . These amounts, $5,005.14 and $3,114.21, appear to include interest plus principal and late fees, if any, as of the date of filing the petition. Assuming, as counsel for ECMC stated, an interest rate of 8%.
 

 [2]
 

 . One must look to the original transaction: 2 student loans incurred in May 1987. Assuming debtors never made a payment from the date the loans were incurred to the date the petition was filed, (a 4 year period), with an interest rate of 8% and no credit for any payments made, all debtors owed, principal and interest, on the date of filing, combined, was $8,745. Correspondence from ECMC indicates some payments were made on the student loans prior to filing. Debtors surely took those payments into account on the objection to claim. Debtors paid $8,119.35 through their Chapter 13 plan.
 

 [3]
 

 . According to a letter from ECMC to Debtor, payments were made on the loans until a September 1988 default on the $4,000 loan and an August 1990 default on the $2,625 loan.
 

 [4]
 

 . Also in the May 1998 letter, FMS stated that "Records reflect that a proof of claim in the amount of $8,854.06 was filed through the courts and not paid in full.” Debtors paid $8,119.35 through their Chapter 13 plan.
 

 [5]
 

 . [Even] if the debtor pays the full amount of the student loan creditor's pre-petition claim pursuant to the plan, the debtor will remain liable at the conclusion of the plan for post-petition interest that accrues on the decreasing balance of the principal amount paid under the plan.