**In re HATHAWAY COFFEE HOUSE, INC. an Ohio Corporation, Debtor.**

**Bankruptcy No. 1–81–02866.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 18, 1982.

Frank E. Cunningham, Cincinnati, Ohio, Thomas R. Noland, Dayton, Ohio, for debtor.

Jonathan B. Forman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for United States.

### DECISION ON OBJECTION TO CONFIRMATION

BURTON PERLMAN, Bankruptcy Judge.

Debtor, a restaurant operation, proposed a plan of reorganization in this Chapter 11 case.

So far as here pertinent, the plan creates Class III for taxes owing to governmental units allowable under 11 U.S.C. § 507(a)(6). With respect to this class the plan provides that commencing one year from the effective date of the plan, governmental units shall receive six successive annual payments equal to 1/6th of their respective claims. The United States has filed an objection to the plan.

The United States has filed three claims. The first, filed November 25, 1981, is in the amount of $23,679.75. The claim says that it is for a secured claim, and it appears that the basis for that is that tax liens have been filed in Hamilton County. Except for an amount of $321.74 plus $2.28 penalty and $4.97 interest, the entire amount is for withholding tax and F.I.C.A. The second claim by I.R.S. was filed February 4, 1982 and is identified as unsecured, also for withholding and F.I.C.A., the tax due being $4,089.52. The balance of the claim is made up of F.U.T.A. in the amount of $637.03. A third claim by I.R.S. was also filed February 4, 1982 in the amount of $4,325.13 for withholding tax and F.I.C.A. through December 31, 1981.

The controversy presented to us by the present objection arises because of the contention of the United States that it is entitled to interest at the rate of 20% pursuant to 26 U.S.C. § 6621 on the taxes owing. The plan makes no provision for interest to the Class III creditor.

■ Creditor states that at the time of the confirmation hearing debtor agreed to modify its plan to pay the United States administrative claims in full at the time of closing, its secured claims in full over the life of the plan, and its unsecured priority claims within six years from their respective assessments. While the parties agreed upon these matters, they were unable to agree about the proper interest rate, if any, to which the creditor is entitled. The creditor has furnished a memorandum on the subject. Debtor has furnished a memorandum amounting to no more than a brief statement about the position of I.R.S. as a secured creditor, and not in any way addressing the question of the proper interest rate. We believe that whether the claim is secured or unsecured is irrelevant so far as the question of interest rate is concerned, and the same interest rate, if any, should apply with respect to either kind of tax claim in view of 26 U.S.C. § 6621.

■ The statutory language, at 11 U.S.C. § 1129(a)(9)(C), states that a taxing authority for a claim of a kind specified in § 507(a)(6) is entitled to receive:

"... on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim."

We think it beyond question that where a creditor has a present claim, and it is proposed to pay him over a period of time, that in order to comply with the statutory language, that "cash payments" be "of a value ... equal to the allowed amount of such claim", that some interest rate be imposed so that what is received over a period of time will be equal to the present value of the claim. (It should be noted that this is a special provision dealing with treatment of an allowed *unsecured* tax claim under § 507(a)(6), expressly provided for in statute. In the absence of such express provision, it is doubtful that future interest on an unsecured claim would be allowed.)

■ The legislative history of 11 U.S.C. § 1129(a)(9)(C) reflects that Congress intended that the term "value" as there used, means "present value", the legislative history saying:

" 'Value, as of the effective date of the plan', as used in paragraph (3) and in proposed 11 U.S.C. 1179(a)(7)(B), 1129(a)(9), 1129(b), 1172(2), 1325(a)(4), 1325(a)(5)(B), and 1328(b), indicates that the promised payment under the plan must be discounted to present value as of the effective date of the plan. The discounting should be based only on the unpaid balance of the amount due under the plan, until that amount, including interest, is paid in full."

H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 3, 408 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6364.

In the light of the foregoing discussion, and in the absence of a contrary position by the debtor, we hold that the United States is entitled to interest on its tax claims in accordance with the provisions of 26 U.S.C. § 6621. The plan which has been submitted by debtor therefore may not be confirmed.

Confirmation will be denied, and debtor given twenty days in which to submit an amended plan in the absence of which the case will be dismissed.