ESCHBACH, Circuit Judge.
 

 The Bankruptcy Code permits reorganizing entities to pay unsecured tax claims over a period of time. The issue in this case is whether the federal government is entitled to interest on such a claim throughout the payment period. We conclude that it is and thus reverse the judgment of the district court.
 

 I.
 

 On August 21, 1980, the debtor, an Illinois Corporation, filed a plan of reorganization pursuant to 11 U.S.C. § 1121. Under the plan the debtor proposes to pay, over a five-year period, taxes owing to the United States. The debtor proposes to pay the tax claim, $14,500.55, in equal monthly installments, but no provision is made for interest.
 

 The United States objected to the reorganization plan on the ground that it failed to consider the time-value of money. The government contended that it is entitled to full payment on the date the plan becomes effective or deferred payments whose value, discounted to the plan’s effective date, equals $14,500.55. The bankruptcy court disagreed and ruled that the government is not entitled to any interest over the payment period.
 
 See
 
 16 B.R. 733 (Bkrtcy.N.D.Ill.1982). The district court affirmed the bankruptcy court’s ruling,
 
 see
 
 24 B.R. 554 (N.D.Ill.1982), and this appeal followed.
 

 
 *1147
 
 II.
 

 A court may confirm a reorganization plan, over an objection, only if with respect to an unsecured priority tax claim, “the holder of such claim will receive on ac'count of such claim deferred cash payments' ... of a value, as of the effective date of the plan, equal to the allowed amount of such claim.” 11 U.S.C. § 1129(a)(9)(C). The debtor contends that this statutory, language merely means that the holder of an unsecured tax claim is entitled to cash payments that, in total, equal the face amount of the claim. The debtor’s interpretation, however, renders superfluous the phrase “value, as of the effective date of the plan.” Without this language, the statute would still state that the deferred payments must equal the amount of the tax claim. Thus in our view, the critical phrase “value, as of the effective date of the plan” means that proposed payments must be adjusted to allow for the changing value of a dollar. The proposed payments, once adjusted, must equal the face value of the claim at the time the plan is confirmed — $14,500.55 in this case.
 

 The legislative history of § 1129(a)(9)(C) conclusively supports our interpretation. The House Judiciary Committee’s report accompanying the legislation states that the phrase “value, as of the effective date of the plan” as used in § 1129(a)(9) “indicates that the promised payment under the plan must be discounted to present value as of the effective date of the plan.” H.R.Rep. No. 595, 95th Cong., 2d Sess. 408, U.S.Code Cong. & Admin.News 1978, 5787 (1978). The report continues its explication of- the statute:
 

 This contemplates a present value analysis that will discount value to be received in the future; of course, if the interest paid is equivalent to the discount rate used, the present value and face future value will be identical. On the other hand, if no interest is proposed to be paid, the present value will be less than the face future value.
 

 id. at 414-415;
 
 accord
 
 124 Cong.Rec. 32,406, 34,006 (1978) (joint explanatory statement of floor managers).
 

 Moreover, the government’s position in this case is in line with the overwhelming weight of authority. At least four bankruptcy courts have held that some interest rate must be imposed on deferred payments “so that what is received over a period of time will be equal to the present value of the [tax] claim.”
 
 In re Hathaway Coffee House, Inc.,
 
 24 B.R. 534, 535 (Bkrtcy.S.D.Ohio 1982); see
 
 In re Connecticut Aerosols, Inc.,
 
 31 B.R. 883 (Bkrtcy.D.Conn.1983);
 
 In re Bay Area Services,
 
 26 B.R. 811 (Bkrtcy.M.D.Fla.1982);
 
 In re Moore,
 
 25 B.R. 131 (Bkrtcy.N.D.Tex.1982);
 
 accord In the Matter of Southern States Motor Inns, Inc.,
 
 709 F.2d 647 (11th Cir.1983) (noting in reasoned dictum that the government is entitled to post-confirmation interest on unsecured tax claim).
 

 Lest it be thought that the Bankruptcy Code is unduly harsh, it should be noted that until 1978, unsecured priority tax claims had to be paid in full before a plan of reorganization could be confirmed.
 
 See
 
 11 U.S.C. § 599 (1976) (repealed 1978). Under the present law, the debtor may pay taxes in installments over time if the value of payments made is equal to the value of the tax claim at the time the reorganization plan becomes effective.
 
 [1]
 

 Having determined that the bankruptcy court erroneously overruled the government’s objection to the plan, we decline to proceed further to discuss the appropriate discount or interest rate applicable in this case. In the absence of guidance from the bankruptcy and district courts, we find it inappropriate for a Court of Appeals to decide this question. Indeed, as the bankruptcy court noted, the obligation to pay some interest could “cause the debtor to
 
 *1148
 
 re-evaluate the desirability either of reorganizing or the amount to be offered to other unsecured creditors.” 16 B.R. at 737.
 

 III.
 

 For the reasons expressed, the judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.
 

 [1]
 

 . We emphasize that the government does not contend that it is entitled to unmatured interest as part of its unsecured tax claim. Such interest is concededly unavailable. See 11 U.S.C. § 502(b)(2). Rather the government is correctly asserting that it is entitled to payments equaling the claim’s full value — $14,500.55 as measured on the date that the plan becomes effective.