**In re Roger Joseph HAGEMAN, Debtor.**

**Bankruptcy No. L88–01214W.**

United States Bankruptcy Court,
N.D. Iowa.

Feb. 17, 1989.

---

Stephen J. Rapp, Waterloo, Iowa, for debtor.

Carol F. Dunbar, Waterloo, Iowa, Trustee.

Asst. U.S. Atty. Martin McLaughlin, Cedar Rapids, Iowa, for Internal Revenue Service.

MICHAEL J. MELLOY, Chief Judge.

## MEMORANDUM AND ORDER

### Re: Confirmation of Plan

The matter before the Court is the Internal Revenue Service's objection to the confirmation of the Debtor's Chapter 13 Plan. The Internal Revenue Service is requesting this Court to determine that a Chapter 13 debtor must pay interest on claims allowed as unsecured priority claims under 11 U.S.C. § 507(a)(7), when the Plan provides for deferred payments on these claims. The Chapter 13 Trustee recommends that the plan be confirmed. No other objections to the plan were filed.

## BACKGROUND

Roger Joseph Hageman ("Hageman") filed a Chapter 13 Bankruptcy Petition and Notice to Begin Payments on August 11, 1988. On October 3, 1988, the Internal Revenue Service filed an objection to confirmation of the Debtor's Plan on the grounds that the Plan did not provide for post-petition interest payments on its unsecured priority tax claim. The Internal Revenue Service filed a tax lien against the Debtor in Blackhawk County, Iowa. The parties stipulated that the prior liens against Debtor's real estate more than extinguished any equity that may have been in the real estate and that no equity remained for the Internal Revenue Service lien. Therefore, the Internal Revenue Service claim is unsecured pursuant to 11 U.S.C. § 506(d). However, in accordance with 11 U.S.C. § 507(a)(7), which gives priority to taxes assessed within three years of filing bankruptcy, part of the unsecured claim is a priority claim that is to be paid in full in deferred cash payments.

The exact amount of the IRS's claim, both the priority and non-priority unsecured portions, is still in dispute.

## DISCUSSION

The Debtor's Plan provides that all claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments as required by 11 U.S.C. § 1322(a)(2).[1] The Internal Revenue Service contends that it is entitled to interest on its priority claim based upon 11 U.S.C. § 1325(a)(4).[2]

---

1. Section 1322(a)(2) states: "(a) The plan shall— (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1332(a)(2).

2. Section 1325(a)(4) states: "(a) Except as provided in subsection (b), the court shall confirm

The applicable law in the given situation is 11 U.S.C. § 1322(a)(2). That section requires priority claim holders in Chapter 13 to be paid in full in deferred cash payments. With respect to § 1322(a)(2), Collier states:

It is also important to note that while section 1322(a)(2) requires payment in full of priority claims, it does not provide for payment of their present value as of the effective date of the plan. Therefore, the payment of interest on priority claims is not required unless the court finds it necessary to satisfy the best interests of creditors test.

5 *Collier on Bankruptcy*, ¶ 1322.03 at 1322–7—1322–8 (15th ed. 1988).

A comparison of priority claims under both Chapter 11 and Chapter 13 reveals the different treatment required under each chapter. Section 1129(a)(9), like § 1322(a)(2), provides for the treatment of priority claims under § 507(a), but unlike its Chapter 13 counterpart, § 1129(a)(9) divides those claims into three categories. The categories relevant to this discussion are 11 U.S.C. §§ 1129(a)(9)(A) and (C)[3]. Subsection (C) provides that the holders of claims under § 507(a)(7) "will receive on account of such claim deferred cash payments ... of a value, as of the effective date of the plan, equal to the allowed amount of such claim." Subsection (A) provides for a cash payment in full on the effective date of the plan of the allowed amount of § 507(a)(1) claims.

"The distinction between subsections (a)(9)(C) and (a)(9)(A) is intentional." *In re Kingsley*, 86 B.R. 17, 19 (Bankr.D.Conn. 1988) (citing legislative history to determine Congress' intention when using "present value" language). The language of subsection (a)(9)(C) entitles claimholders to interest to preserve the present value of their claims. In contrast, subsection (a)(9)(A) provides for claims to be paid in full on the effective date of the plan. The language and legislative history[4] of § 1129(a)(9)(C) reveal that "the debtor's right to defer payments is not to be at the expense of the claimant's right to receive the full amount of her allowed claim." *Kingsley*, 86 B.R. at 17. Thus, under subsection (a)(9)(C), interest must be paid on "the Government's claim to assure that it receives the value equal to the allowed amount of its claim despite the deferred payments." *Kingsley*, 86 B.R. at 19 (citations omitted). "[W]hen Congress intended to provide a claimholder with interest to compensate for the present value of a claim, it expressly provided for that treatment by the use of specific words, such as 'value, as of the effective date of the plan equal to the allowed amount of such claim.'" *Kingsley*, 86 B.R. at 20 (*quoting* 11 U.S.C. § 1129(a)(9)(C)). As the *Kingsley* court noted "the Supreme Court has recognized that '[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Kingsley*,

---

a plan if—(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1325(a)(4).

**3.** Section 1129(a)(9) states: Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

(A) with respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

\* \* \* \* \* \*

(C) with respect to a claim of a kind specified in section 507(a)(7) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim. 11 U.S.C. § 1129(a)(9)(A) & (C).

**4.** The legislative history of 11 U.S.C. section 1129(a)(9)(C) states that: "Tax claims entitled to priority under 507(a)(6) ... may be required to take deferred cash payments over a period not to exceed 6 years after the date of assessment of the tax with the present value equal to the amount of the claim." 124 Cong.Rec. H11,103 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S17,-420 (daily ed. Oct. 6, 1978).

86 B.R. at 20 (*citing Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983)).

Had Congress intended that unsecured priority claimholders receive interest under Chapter 13 plans by virtue of § 1322(a)(2), it could have added the traditional "present value" language to the provision. This Court must assume the difference in statutory language was intentional. Thus, the Court finds that interest is not payable on deferred cash payments under 11 U.S.C. § 1322(a)(2). This decision is in accord with other courts which have considered the issue. *See e.g. Kingsley*, 86 B.R. at 20 (interest is not payable on deferred cash payments under 11 U.S.C. § 1322(a)(2)); *In re Ridgley*, 81 B.R. 65, 69–70 (Bankr.D.Or. 1987) (same); *In re Reich*, 66 B.R. 554, 557–58 (Bankr.D.Colo.1986) (same); *In re Rogers*, 57 B.R. 170, 173 n. 3 (Bankr.E.D. Tenn.1986) (same); *In re Burgess Wholesale Mfg. Opticians, Inc.*, 16 B.R. 733, 736 (Bankr.N.D.Ill.E.D.1982) (Chapter 11 case contrasting 11 U.S.C. § 1322(a)(2) with 11 U.S.C. § 1129(a)(9)), *rev'd on other grounds*, 721 F.2d 1146 (7th Cir.1983) (Holding that deferred payments under a Chapter 11 plan required interest payments).

The same conclusion has been reached under 11 U.S.C. § 1222(a)(2), which is identical to § 1322(a)(2). *See e.g., Matter of Herr*, 80 B.R. 135, 137 (Bankr.S.D. Iowa 1987). In that case, the court reasoned that the legislative history reveals that Chapter 12 was patterned to a large extent after Chapter 13, and absent the "traditional 'present value' language" the court concluded "that Congress did not intend deferred cash payments made under § 1222(a)(2) to include interest." *Herr*, 80 B.R. at 137.

■ The Internal Revenue Service also appears to be arguing that it is entitled to interest on that portion of its priority claim which it would have received in a Chapter 7 liquidation. The Service cites 11 U.S.C. § 1325(a)(4) in support of this position. However, the Court concludes that the Internal Revenue Service misconstrues the effect of the "best interest of creditor test." That test only requires that the discounted value of the total payments paid on the entire priority tax claim be equal to the present value of any distribution the Internal Revenue Service would have received in a Chapter 7 liquidation. In this case, there is no evidence that the Internal Revenue Service would have received anything in a Chapter 7 liquidation on its priority tax claim, and therefore, the requirement of 11 U.S.C. § 1325(a)(4) is met.

## CONCLUSION

In accordance with every other court which has been faced with the present issue, the Court holds that interest is not payable on deferred cash payments under 11 U.S.C. § 1322(a)(2).

## ORDER

IT IS THEREFORE ORDERED that the objection to the Debtor's Plan by the Internal Revenue Service is overruled.

IT IS FURTHER ORDERED that the parties shall submit stipulations regarding the disputed amount of tax liability with in 20 days of this Order. If the parties fail to submit stipulations within 20 days, this matter shall be set for hearing on:

*MARCH 29, 1989 AT 11:00 A.M.*

in Bankruptcy Court Room 808, Chicago Central Building, E. 4th & Sycamore, WATERLOO, IOWA.

IT IS FURTHER ORDERED that subject to the amount of tax liability being finally determined, the Debtor's Plan is hereby confirmed.