**In the Matter of Jack Lee EATON and Lupe Ann Eaton, Debtors.**

**Bankruptcy No. 90–2428–C H.**

United States Bankruptcy Court, S.D. Iowa.

July 15, 1991.

Michael L. Jankins, Des Moines, Iowa, for debtors.

J.W. Warford, Des Moines, Iowa, Chapter 13 Trustee.

Terry L. Gibson, U.S. Trustee, Des Moines, Iowa, for U.S. Trustee.

## ORDER—CONFIRMATION OF CHAPTER 13 PLAN

RUSSELL J. HILL, Bankruptcy Judge.

On January 14, 1991, a hearing was held on confirmation of Debtors' Chapter 13 plan. The following attorneys appeared on behalf of their respective clients: Michael L. Jankins for Debtors; J.W. Warford as Chapter 13 Trustee; and Terry L. Gibson for U.S. Trustee. At the conclusion of said hearing, the Court took the matter under advisement upon a briefing deadline. Briefs were timely filed and the Court considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court, upon review of the pleadings, arguments of counsel, evidence admitted, and briefs submitted now enters its findings and conclusions pursuant to Fed.R.Bankr.P. 7052.

## FINDINGS OF FACT

1. On September 18, 1990, Debtors filed their voluntary Chapter 13 petition. Their plan was filed on September 28, 1990.

2. The monthly budget of income and expenses filed by the Debtors reflects an estimated future monthly expense of $1,609.00 and a total monthly take home income of $3,059.00.

3. Debtors' plan provides that Debtors will pay the sum of $785.00 per month for a term of 36 months. Debtors' Chapter 13 plan also provides that the secured creditors will be paid the full value of their allowed secured claims and the creditors holding allowed unsecured claims shall be paid 100 cents on each dollar. After making their plan payment, the Debtors' budget reflects that they will retain the sum of $690.00 in disposable income each month after paying their living expenses.

4. Pursuant to notice of October 1, 1990, objections to the plan were to be filed on or before November 26, 1990.

5. On November 26, 1990, the U.S. Trustee filed an objection to the confirmation of the Debtors' Chapter 13 plan, asserting that the plan failed to comply with the provisions of 11 U.S.C. § 1325(b)(1). On December 7, 1990, the Chapter 13 Trustee filed his joinder to the objection filed by the U.S. Trustee.

## DISCUSSION

### I. *Validity of Objection*

Debtors assert that the U.S. Trustee objection with joinder thereto by Chapter 13 Trustee is invalid because the U.S. Trustee does not have standing to object to Debtors' Chapter 13 plan pursuant to 11 U.S.C. § 1325(b)(1), and the Chapter 13 Trustee objection was not timely filed. The U.S. Trustee contends that 11 U.S.C. § 307

gives it authority to object under § 1325(b)(1). Section 307 provides as follows:

> The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.

The starting point in statutory construction is to read the text of the statute. A general rule of textual construction is that the expression or inclusion of one thing is the exclusion of others. *Marshall v. Gibson's Prods.*, 584 F.2d 668, 675 (5th Cir.1978). While merely an aid to construction that should not defeat legislative intent, the force of this maxim, *expressio unius est exclusio alterius,* is strengthened when a particular thing is provided in one part of the statute and omitted in another. *Sundance Land Corp. v. Community First Fed. Sav. & Loan*, 840 F.2d 653, 663 (9th Cir.1988); 2A N. Singer, *Sutherland's Statutory Construction*, § 47.23 (4th ed. 1984). With those basic rules of construction in mind, an analysis of the issue at hand might be simplified.

The use of the words "any issue" in § 307 appears to give the U.S. Trustee broad authority to raise, appear, and be heard on issues. This broad grant, however, contrasts sharply with the specificity with which the duties of the U.S. Trustee are spelled out in 28 U.S.C. § 586. 2 L. King, *Collier on Bankruptcy*, para. 307.01 at 307–1 (15th ed. 1990). It contrasts even more sharply with other instances in which Congress specifically provides when the U.S. Trustee may object under a particular section of the Bankruptcy Code. *See, e.g.,* 11 U.S.C. §§ 1224, 1307(c), 327(c), 707(b), and 727(c)(1) (1991) (U.S. Trustee added by 1986 amendment).

The duties of the U.S. Trustee are set forth in 28 U.S.C. § 586(a) and (b). Chapter 15 of the Code was repealed by the act of October 27, 1986, Title II, § 231, 100 Stat. 3103, and 28 U.S.C. § 586(a)(3) was amended to provide that the U.S. Trustee supervise the administration of cases and trustees in cases under Chapter 7, 11, or 13 of Title II. 28 U.S.C. § 586(a)(3)(C) pro-

vides that the United States Trustee shall supervise the administration of cases and trustees by monitoring plans filed under Chapter 13 of Title II and by filing comments with respect to these plans in connection with confirmation hearings under 11 U.S.C. § 1324.

■■■ 11 U.S.C. § 1325(a) does not limit who may object to a plan. In contrast, 11 U.S.C. § 1325(b)(1) specifies that "if the trustee or the holder of an allowed unsecured claim objects to confirmation of the plan" the court may not approve the plan unless enumerated conditions are met and fulfilled. 11 U.S.C. § 1325(b) does not confer standing upon the U.S. Trustee to object to the confirmation of the plan pursuant to said section. The courts have narrowly construed § 1325(b)(1) stating its express language evidences a specific congressional determination that an objection under § 1325(b) can be raised only by a restricted class of claimants. *In re Smith,* 100 B.R. 436, 439 (Bankr.S.D.Ind.1989); *In re Compton,* 88 B.R. 166, 168 (Bankr. S.D.Ohio 1988) (only Chapter 13 trustee or unsecured creditor may object under § 1325(b)). Congress has specifically provided for the U.S. Trustee's participation in other sections. *Compare* 11 U.S.C. § 1224 *with* 11 U.S.C. § 1324 (Chapter 12 provides U.S. Trustee may *object* while Chapter 13 does not). Since Congress has not likewise provided for the U.S. Trustee's participation here, this Court holds that neither the general grant of authority under 11 U.S.C. § 307, nor 28 U.S.C. § 586 modify the specific language of 11 U.S.C. § 1325(b) to permit the U.S. Trustee to file an objection under said section.

■■■ This holding will not defeat the purpose of the U.S. Trustee program. The purpose of the program is to accomplish the separation of judicial and administrative functions that were formerly both performed by the bankruptcy court. *In re Plaza de Diego Shopping Center,* 911 F.2d 820, 827 (1st Cir.1990). Granting general standing to the U.S. Trustee to raise issues that were implicitly reserved by § 1325(b) to the trustee and unsecured creditors is not necessary to that purpose.

■■ The Chapter 13 Trustee joined with the U.S. Trustee in objecting to the confirmation of the plan by filing a joinder on December 7, 1990. This was several days after the bar date and was untimely. The Chapter 13 Trustee stated that he did not share the same view as the U.S. Trustee but joined so that a decision would be rendered, which would serve as a guide in future cases. The Chapter Trustee's objection will not be considered as it was filed late and does not have substantive content.

Accordingly, the objection by the United States Trustee must be overruled and denied.

## II. *11 U.S.C. § 1325(b)(1)*

■■■ Even assuming that § 307 grants the United States Trustee standing to object, § 1325(b)(1)(A) does not require that a Chapter 13 plan provide for the payment of the present value of the unsecured claims as the U.S. Trustee argues.

11 U.S.C. § 1325(b) provides:

(b)

(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For the purposes of this subsection, "disposable income," means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures

necessary for the continuation, preservation, and operation of such business.

In the instant case, Debtors do not dispute that the plan fails to provide that all of the Debtors' projected disposable income will be applied to make payments under the plan in compliance with 11 U.S.C. § 1325(b)(1)(B). The issue therefore is whether Debtors' Chapter 13 plan meets the requirements of 11 U.S.C. § 1325(b)(1)(A).

The U.S. Trustee asserts that Debtors' Chapter 13 plan does not meet the requirements of 11 U.S.C. § 1325(b)(1)(A) because the unsecured creditors are not receiving the present value of their claims under the plan. U.S. Trustee bases its assertion on *In re Rhein*, 73 B.R. 285 (Bankr.E.D.Mich. 1987). In *Rhein*, the court found that a Chapter 13 Debtor's retention of an estimated tax refund of $1,760.85 was improper in light of an objection filed pursuant to 11 U.S.C. § 1325(b)(1) because the unsecured creditors were to receive the face value of their claims to be paid over a three-year period without interest.

*Rhein* relies for its interpretation of § 1325(b)(1) on § 1325(a)(4). *Rhein*, 73 B.R. at 287. Section 1325(a)(4) requires that the best interests of creditors be served in order for mandatory approval of a Chapter 13 plan under § 1325(a). Under § 1325(a)(4) a court must confirm a plan if among other requirements, the plan pays secured creditors "value, as of the effective date of the plan," that is not less than the amount that would have been paid if the estate were liquidated under Chapter 7 on such date. 11 U.S.C. § 1325(a)(4). The U.S. Trustee has not raised any issue under the § 1325(a)(4) best interests test. Nor has the U.S. Trustee conducted a liquidation analysis. Therefore, a § 1325(a)(4) analysis here would be incomplete.

Section 1325(b) authorizes the court to confirm even if the trustee or an unsecured creditor objects so long as either § 1325(b)(1)(A) or § 1325(b)(1)(B) is met. Section 1325(b)(1)(B) is not at issue here. Section 1325(b)(1)(A) does not specify that the value to be paid must be the "value, as

of the effective date of the plan." It is well established that Congress meant present value whenever it used this phrase. *In re Hageman*, 108 B.R. 1016, 1018 (Bankr.N.D.Iowa 1989). Whenever Congress meant present value should be paid in the context of a Chapter 13 plan, it knew how to trigger the requirement. *Id.* It did not do so in § 1325(b)(1). Therefore, this Court holds that plan confirmation under § 1325(b)(1) does not require the payment of present value for unsecured claims.

Further support for this holding can be found in a leading treatise:

> Although the words "as of the effective date of the plan" appear earlier in § 1325(b), their presence does not appear to indicate a requirement of plan payments having a present value equal to the full amount of unsecured claims. If this had been Congress' intent, Congress would presumably have used the same language as it used elsewhere to indicate a present value test, "value, as of the effective date of the plan." Also, there is no indication in the legislative history that a present value test was intended. Moreover, if the phrase "as of the effective date of the plan" were applied to subparagraph (A) of 1325(b)(1), it would also be necessary to apply it to subparagraph (B), which is grammatically illogical. Is seems more likely that the words, "as of the effective date of the plan" in § 1325(b) refer only to the timing of the court's analysis under that subsection.

5 L. King, *Collier on Bankruptcy*, para. 1325.08[3], n. 31A (15th ed. 1991).

In this case, the Debtors' Chapter 13 plan proposes to pay the unsecured creditors full value, 100 cents on the dollar, of their claims. Thus, the requirement of § 1325(b)(1)(A) is met.

## ORDER

IT IS ACCORDINGLY ORDERED that the United States Trustee's objection to confirmation of Debtors' Chapter 13 plan, with joinder thereto by the Chapter 13 Trustee, is overruled.

IT IS FURTHER ORDERED that Debtors' Chapter 13 plan is confirmed.