**In re John Richard SULLIVAN, Debtor.**

**A.M. MANCUSO, Trustee, Plaintiff,**

**v.**

**John R. SULLIVAN, Defendant.**

**Bankruptcy No. 391–32099–HCA–11. Adv. No. 392–3070.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

April 16, 1993.

---

Joseph J. Wielebinski, Raymond J. Urbanik, Munsch, Hardt, Kopf, Harr & Dinan, P.C., Dallas, TX, for A.M. Mancuso, Post Confirmation Trustee.

Michael L. Geller, Dallas, TX, Robert J. D'Agostino, Hugh O. Brock, III, Norton & D'Agostino, Atlanta, GA, for John R. Sullivan.

Kenneth Stohner, Jackson & Walker, Dallas, TX, for Sullivan Plan Committee.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND FOR FAILURE TO BE AN AUTHORIZED PARTY UNDER FEDERAL RULE OF CIVIL PROCEDURE 17(a)*

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came on for hearing on the 5th day of March, 1993, John R. Sullivan's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Under Federal Rule of Civil Procedure 12(b)(6) and for Failure to Be an Authorized Party Under Federal Rule of Civil Procedure 17(a). After considering the pleadings filed and the argument of counsel for A.M. Mancuso, Trustee, and John R. Sullivan, the Court makes the following findings of fact and conclusions of law.

### *BACKGROUND FACTS*

On February 1, 1991, John R. Sullivan filed a voluntary petition under Chapter 11 of the Bankruptcy Code. A.M. Mancuso was appointed Chapter 11 trustee of the bankruptcy estate. Mancuso, as Chapter

11 trustee, filed this adversary proceeding on February 12, 1992. The Complaint is an objection to Sullivan's discharge based upon 11 U.S.C. §§ 727 and 1141, alleging various transfers, undisclosed assets, and failure to explain loss of assets.

Because Sullivan was involved in numerous business interests before filing bankruptcy, the administration of the bankruptcy case has been quite complicated. After various amendments, modifications, and hearings, the Court entered, on March 13, 1992, the Order Confirming Trustee's Second Amended Plan of Reorganization as Modified by Revised Second Amended Modifications Thereto ("Plan").

The Plan addresses the present adversary proceeding and other similar proceedings in its section 9.1, which provides in pertinent part:

> The Debtor shall not receive a discharge unless the Debtor prevails under all Section 727 proceedings. The Trustee has commenced an action under Bankruptcy Code § 727. *See A.M. Mancuso, Trustee v. John R. Sullivan,* Adversary Number 392–3070. Confirmation of the Plan (including the provisions of this section 9.1 of the Plan) will be without prejudice to the Debtor asserting his position (with which certain plaintiffs in pending § 727 actions [hereinafter the "Plaintiffs"] disagree) in any pending § 727 actions or in the bankruptcy case after confirmation of the Plan that (i) the provisions of Bankruptcy Code § 1141(d)(3) are applicable and (ii) that § 1141(d)(3) does not prevent the Debtor from obtaining a discharge under the Bankruptcy Code, and shall be without prejudice to the Plaintiffs to assert that the Debtor's potential and/or anticipated Bankruptcy Code § 1141(d)(3) arguments are precluded, irrelevant, and/or incorrect pursuant to the Plan, including the provisions of this Section 9.1, and the Bankruptcy Code provisions including, without limitation, Bankruptcy Code § 1141(d)(1). Notwithstanding the pendency of such issues concerning the Debtor's discharge, the Court shall confirm the Plan under Rule 54(d), Fed.R.Civ.P., made applicable herein by Federal Rules of Bankruptcy Procedure 7054 and 9014; and the Court, pursuant to Rule 54(b) Fed.R.Civ.P., shall in the order of confirmation sever all discharge actions, which shall remain pending, upon an express determination that there is no just reason for delay in entering the Order of Confirmation and shall expressly direct entry of judgment in the form of said Order of Confirmation. The Order of Confirmation shall not constitute res judicata effect, collateral estoppel, or otherwise constitute a bar to the Plaintiffs in any pending objection to the Debtor's discharge. Generally speaking, the grounds alleged by the Trustee as bases for relief under § 727(a) include the transfers of property with the intention to delay, hinder or defraud creditors of the Estate and the Trustee (including the transfer of an encumbrance upon shares of PUC to County Savings; certain prepetition payments to attorneys; and the concealment of transfers made just prior to one year before the commencement of the case); the making of a false oath with respect to assets of the Estate (including the failure to disclose a membership in the Preston Trails Golf Club; the failure to disclose the Debtor's continued ownership, use, and enjoyment of a 1973 Ferrari; the failure to disclose certain community property; and the failure to disclose certain payments to attorneys); and the failure to explain the loss of certain assets.

The Trustee envisions that any actions objecting to or issues relating to the Debtor's discharge which may be pending as of the commencement of the hearing on confirmation of the Trustee's Plan shall not be tried in connection with or as a condition of confirmation or the entry of a final order confirming the Trustee's Plan.

Sullivan moves the Court to dismiss the trustee's adversary. He asserts that, pursuant to the plain language of the Bankruptcy Code, the trustee has no authority to bring this action and consequently is not a real party in interest.

## DISCUSSION

The issues involved come within this Court's jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O). These findings, although narrative in form, are intended to comply with Federal Rule of Bankruptcy Procedure 7052.

■ As a preliminary matter, the Court notes that the basis for this motion to dismiss is lack of standing. As such, the motion will be treated as one to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court, then, is not limited to considering only the complaint in determining whether the adversary should be dismissed, and may look to the facts as they exist. *See Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

The issues to be decided are whether the Chapter 11 trustee had the authority to bring, and whether the postconfirmation trustee has the authority to maintain, this adversary proceeding objecting to the Debtor's discharge. Because the Court finds no authorization in either situation, the Motion to Dismiss must be granted.

*Authority of Chapter 11 trustee to object to discharge*

■ Sullivan argues that the Chapter 11 trustee has no authority to bring an action objecting to discharge. He asserts that the duties of a trustee in Chapter 11 are set out in 11 U.S.C. § 1106, which does not expressly give the trustee the power to object to a debtor's discharge. Sullivan further argues that § 1106(a)(1) incorporates some of the duties of the Chapter 7 trustee, but specifically does not incorporate the duty of the Chapter 7 trustee to "if advisable, oppose the discharge of the debtor."[1] Sullivan notes that, in contrast, that duty *is* incorporated into the duties of trustees in Chapters 12 and 13.[2] There-

fore, Congress must have deliberately excluded the duty to oppose discharge from § 1106, so that the Chapter 11 trustee would have no authority to so object.

Mancuso, in response, argues that § 1106 is not a list of what the trustee may or may not do, but just a list of affirmative duties of the trustee. He further asserts that the list of duties in § 1106 is not exclusive; other provisions of the Bankruptcy Code and case law assign other duties to the trustee.

The Court agrees with Sullivan. Whether or not the trustee has other duties apart from § 1106 is of no consequence. The fact remains that some of the duties of the Chapter 7 trustee are assigned to the Chapter 11 trustee, and some are not. One of the duties not incorporated in Chapter 11 is the duty to oppose discharge if advisable. In determining the importance of the foregoing, the Court finds the following statement of law useful:

A general rule of textual construction is that the expression or inclusion of one thing is the exclusion of others. *Marshall v. Gibson's Prods.*, 584 F.2d 668, 675 (5th Cir.1978). While merely an aid to [statutory] construction that should not defeat legislative intent, the force of this maxim, *expressio unius est exclusio alterius*, is strengthened when a particular thing is provided in one part of the statute and omitted in another.

*Matter of Eaton*, 130 B.R. 74, 76 (Bankr. S.D.Iowa 1991). In the instant case not only did the duty to oppose discharge if advisable appear in § 704 and not in § 1106(a)(1), but other items from § 704 *were* included in § 1106(a)(1). Therefore, unless a reason exists for the exclusion of the duty from § 1106(a)(1) which would allow the trustee to oppose discharge, he may not do so.

Mancuso argues that the duty of § 704(4) to "investigate the financial affairs of the debtor" was also excluded from

---

**1.** 11 U.S.C. § 1106(a)(1) provides:
  (a) A trustee shall—
    (1) perform the duties of a trustee specified in sections 704(2), 704(5), 704(7), 704(8), and 704(9), of this title;
  11 U.S.C. § 704(6) provides:

The trustee shall—
  (6) if advisable, oppose the discharge of the debtor;

**2.** *See* 11 U.S.C. §§ 1202(b)(1), 1302(b)(1).

§ 1106(a)(1), but that the trustee clearly has the authority to conduct such an investigation. He concludes that because the exclusion of § 704(4) from § 1106(a)(1) does not prevent the trustee from performing that duty, the exclusion of § 704(6) from § 1106(a)(1) does not prevent the trustee from opposing the debtor's discharge.

The Court finds this argument unpersuasive. It is clear from reading § 1106 that the duty of the trustee to investigate the debtor was excluded from § 1106(a)(1) because it was included in a more detailed manner in § 1106(a)(3).[3] Therefore, its exclusion from § 1106(a)(1) would not only not prevent the trustee from making such an investigation, but it requires that he or she do so. By contrast, no provision exists which details the trustee's duty to oppose discharge.

Mancuso further argues that if the trustee has the duty to conduct an investigation of the debtor, then he must have the authority to act upon his findings. Because the investigation may yield information relevant to the debtor's discharge, the trustee has the authority use the information to oppose the discharge.

Again, the Court finds Mancuso's argument unpersuasive. Section 1106 dictates what the trustee will do with the information he obtains concerning the debtor's objectionable actions. Section 1106(a)(4) provides:

(a) A trustee shall—

(4) as soon as practicable—

(A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and

(B) transmit a copy or a summary of any such statement to any creditors'

committee or equity security holders' committee, to any indenture trustee, and to such other entities as the court designates;

It is clear from the statutory scheme of § 1106 what the trustee is supposed to do with the information he obtains—he is to report to the Court and any creditors committee; the latter may decide if a suit to oppose discharge is required.

Even if Mancuso's argument that the trustee's right to oppose discharge naturally flowed from the duty to investigate the debtor, the Court is still left with the question: why was the duty to oppose discharge intentionally excluded from the trustee's duties in Chapter 11, if not to strip him of authority to do so?

Mancuso argues that the duty to oppose discharge was excluded from § 1106(a)(1) because discharge in Chapter 11 is conditioned upon the confirmation of a plan and the provisions of § 1141(d).

Again, the Court is unpersuaded. While § 1141(d) does set forth the conditions under which the debtor will receive a discharge, it does not provide that the trustee may object to the granting of a discharge. A debtor's discharge is also conditioned in a case under Chapter 7. *See* 11 U.S.C. § 727. Section 727, in contrast to § 1141(d), contains an express provision entitling the trustee to object to the debtor's discharge. *See* 11 U.S.C. § 727(c). Section 727(c) is consistent with § 704(6) in that both allow the trustee to oppose discharge in Chapter 7. The absence of a similar provision in § 1141(d) only supports the proposition that the trustee has no authority to oppose the discharge of a Chapter 11 debtor. *Cf. Matter of Eaton,* 130 B.R. 74, 76–77 (Bankr.S.D.Iowa 1991) (United States trustee has no standing to object to confirmation of Chapter 13 plan, unlike Chapter 12).

The Court has also considered, as a possible reason for excluding from the Chapter

---

**3.** 11 U.S.C. § 1106(a)(3) provides:
(a) A trustee shall—
(3) except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the formulation of a plan;

11 trustee's duties, the fact that in many cases the "trustee," for which duties are provided in § 1106, is actually the debtor-in-possession. *See* 11 U.S.C. § 1107(a). Assigning to the debtor-in-possession the duty to object to the debtor's discharge would put the debtor in the position of objecting to its own discharge, an inherently conflicting position. Following this logic, the exclusion of the duty to object to discharge would only apply, then, to the debtor-in-possession, and not to the trustee.

This argument must also be dismissed. Although the duties of the trustee and the debtor-in-possession must in some cases diverge, the Code already contains a section which deals with this problem. Section 1107(a) provides that the debtor-in-possession "shall perform all the functions and duties, *except the duties specified in sections 1106(a)(2), (3), and (4) of this title*, of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a) (emphasis added). If Congress wished to assign the duty to oppose discharge to the trustee but not to the debtor-in-possession, it would have placed the restriction in § 1107(a). The Court therefore concludes that the exclusion of the duty to oppose discharge from § 1106(a)(1) deprives the Chapter 11 trustee of the authority to file an objection to the debtor's discharge.

Arguing in the alternative, Mancuso directs the Court to § 1141(d)(3).[4] He claims that because § 1141(d)(3)(C) contains a reference to § 727(a), that all of the provisions of § 727 are incorporated into Chapter 11, citing the Court to *In re Miller*, 97 B.R. 760 (Bankr.W.D.N.Y.1989); *In re Trauger*, 101 B.R. 378 (Bankr.S.D.Fla.1988); *Norwest Bank Nebraska, N.A. v. Tveten*, 848 F.2d 871 (8th Cir.1988); and *In re Gherman*, 103 B.R. 326 (Bankr.S.D.Fla.1989). Furthermore, he argues, because § 727(c) provides that the trustee may object to discharge under § 727(a), the Chapter 11 trustee may object to the debtor's discharge.

This Court analyzes § 1141(d)(3) differently. Under § 1141(d)(3) the party objecting to discharge must show three that all three prongs of the § 1141(d)(3) test are met. The third prong of the test requires a showing that "the debtor would be denied a discharge under section 727(a) of this title *if the case were a case under chapter 7 of this title.*" 11 U.S.C. § 1141(d)(3)(C) (emphasis added). Thus, when deciding whether the debtor would receive a discharge under § 727(a), the Court must do so in a hypothetical world in which all the provisions of Chapter 7 would apply. But, that hypothetical world is limited to § 1141(d)(3)(C), and does not apply to the other subsections of § 1141(d)(3).[5] The first two prongs of the § 1141(d)(3) test are resolved by interpretation of the provisions of Chapter 11, the plan, and the facts of the case. Therefore, the only application of § 727(c) to § 1141(d)(3), if any, is limited to determination § 1141(d)(3)(C), and does not give the trustee standing to bring the entire action under § 1141(d)(3).

*Authority of the postconfirmation trustee to continue prosecuting objection to discharge*

Mancuso asserts that even if the Chapter 11 trustee had no authority to bring the action, the Plan gives him the authority to maintain it. The authority would therefore be *res judicata*. Sullivan argues in response that the Plan does not grant the authority, and that even if it attempted to do so, a plan cannot give standing to a party that would otherwise have none.

The Court agrees generally that a confirmed plan is *res judicata*. *See Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th

---

**4.** Section 1141(d)(3) provides:

(3) The confirmation of a plan does not discharge debtor if—

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; and

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under Chapter 7 of this title.

**5.** 11 U.S.C. § 103(b) provides: Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.

Cir.1987). This general rule however, does not determine the issues in this case. Before finding that the terms of a confirmed plan are *res judicata*, the Court must first determine what authority the terms of the Plan give to the postconfirmation trustee.[6]

The Plan provides that "[t]he Debtor shall not receive a discharge unless the Debtor prevails under all Section 727 proceedings. The Trustee has commenced an action under Bankruptcy Code § 727," and references this adversary by name and number. Plan § 9.1. Additionally, the Plan provides in its Article 11:

### CAUSES OF ACTION

11.1 All rights and causes of action pursuant to (i) §§ 502, 542, 543, 544, 545, 550, and 553 of the Bankruptcy Code; (ii) preference claims pursuant to § 547 of the Bankruptcy Code; (iii) fraudulent transfer claims pursuant to § 548 of the Bankruptcy Code; (iv) claims relating to post-petition transactions pursuant to § 549 of the Bankruptcy Code; and (v) all claims and causes of action held against third parties as of the Confirmation Date (except as provided in Article 5 of the Plan), are hereby preserved for the benefit of the Estate to be enforced and prosecuted by the Trustee, or the Plan Committee, pursuant to Paragraph 6.3(c) hereof.

The language of the Plan in this case does not provide that the postconfirmation trustee has authority to maintain this adversary.[7] The Plan is not ambiguous on this point; it merely provides that the trustee has brought the adversary and that Sullivan must survive it to obtain his discharge. Section 9.1 therefore does not grant any standing to the postconfirmation trustee. Furthermore, Article 11 of the Plan sets out the actions which the trustee may prosecute. These actions include turnover, preference, and fraudulent conveyance claims, not objections to discharge. Under the language of this Plan, therefore, the postconfirmation trustee has no authority to maintain this action controverting Sullivan's discharge. The Court cannot change the express language of the Plan; the order of confirmation is final. *See Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir.1987).

### CONCLUSION

Because the Court finds that the Chapter 11 trustee had no authority to bring this action, and that the Plan gave the postconfirmation trustee the no authority to maintain this action, the Motion to Dismiss must be granted.[8] An order consistent with these findings and conclusions will be entered forthwith.

---

**6.** The party maintaining this adversary is no longer the Chapter 11 trustee, but the postconfirmation trustee created by the Plan. Section 1.51 of the Plan provides: " 'Trustee' shall mean (i) as to the Pre–Confirmation Trustee and proponent of this Plan, A.M. Mancuso, the duly acting and authorized Chapter 11 Trustee in this Bankruptcy Case; and (ii) as to the Post–Confirmation Trustee, Mr. Mancuso or upon his resignation, the Successor Trustee as defined and provided hereunder." This section clearly contemplates that upon confirmation, the Chapter 11 trustee will cease to exist, and the postconfirmation trustee will operate under the terms of the Plan.

The postconfirmation trustee is a contractual, state-law trustee, *see In re Hunt*, 153 B.R. 445, 453 n. 13 (Bankr.N.D.Tex.1992) (Abramson, B.J.), whose powers and duties are determined by the Plan and not by Chapter 11 of the Bankruptcy Code. The Court must look to the Plan, then, to determine whether the post-confirmation trustee has standing to maintain this adversary proceeding.

**7.** The Court expresses no opinion as to what language could have been included in the Plan to give the postconfirmation trustee such authority.

**8.** Because the Plan did not give standing to the postconfirmation trustee to maintain this action, the Court does not address what *res judicata* effect such a grant would have.