In re Robert G. HOLWAY, Debtors.

Robert G. Holway, Plaintiff,

v.

United States of America and The Internal Revenue Service, Defendants.

Bankruptcy No. 90–01851–8B7.
Adversary No. 96–01084.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 6, 1999.

Thomas C. Little, Clearwater, FL, for plaintiff.

Mary Apostolakos Hervey, Trial Attorney, Tax Division., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER ON FINAL EVIDENTIARY HEARING

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon a final evidentiary hearing in the above captioned case. At that time, the parties amended the pleadings in open court and stipulated to the facts in the case. The Court must determine the effect of payment of an allowed priority tax claim under a confirmed Chapter 13 plan upon dischargeability of that claim where the case is subsequently converted to Chapter 7 and a discharge entered. This Order is the Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052; Fed.R.Civ.P. 52.

## STIPULATED FACTS

The following facts are undisputed in this case. On March 2, 1990, the Debtor filed a Chapter 13 petition. On behalf of the United States Government, the Internal Revenue Service ("IRS") filed an initial proof of claim, no. 10, on July 6, 1990. This claim was amended twice: first, by claim no. 11 on September 20, 1990, and finally by claim no. 12 on December 3, 1990. The Debtor's objection to the final claim was sustained by an Order entered January 25, 1991, allowing a $ 21,811.91 priority claim, and a $ 12,794.21 general unsecured claim. *See* 11 U.S.C. § 507(a)(8). These amounts include taxes from 1986 and 1987. The Debtor's Chapter 13 plan was confirmed on March 11, 1991.

In January of 1994, the Debtor converted the case to Chapter 7. The Debtor received a Chapter 7 discharge on April 26, 1994. The parties agree the Debtor completed payments on the allowed priority tax claim through the Chapter 13 plan prior to converting the case.

More than two years after the Chapter 7 discharge, the IRS issued a Final Notice for taxes owed. (*See* Ex. B to Pl.'s Compl. to Determine Dischargeability of Debt.) The Notice includes amounts associated with the 1986 and 1987 tax debt. The IRS seeks to collect the penalties and additional postpetition interest associated with the 1986 and 1987 allowed priority tax claim, the principal of which was paid in the Chapter 13 case.

## INTRODUCTION

The Debtor filed this adversary proceeding seeking to determine whether these penalties and interest are collectible as the Debtor paid the underlying taxes in full under the confirmed Chapter 13 plan. The Debtor argues the payment of the priority tax debt in full precludes the IRS from collecting interest on the debt, particularly during the period of time after the filing of the Chapter 13 petition and before the conversion of the case to Chapter 7. The Debtor argues the confirmed Chapter 13 plan binds the government and forces the IRS to accept the treatment of its claim under that plan as the only remedy available for this debt.

The IRS concedes that the amounts paid while the Debtor was in Chapter 13 satisfied the debt for 1986 and 1987 taxes, but argues that the Debtor did not receive a Chapter 13 discharge, therefore, the Debtor cannot reap the rewards of that Chapter. The IRS argues the taxes in question would have been nondischargeable under Chapter 7, therefore the penalties and interest are similarly not discharged and are still collectible.

## DISCUSSION

Under Chapter 13 of the Bankruptcy Code, a debtor is afforded a unique opportunity to pay the IRS only a portion of its claim in full. This opportunity is not afforded in a Chapter 7 case. In order to confirm a Chapter 13 plan, a debtor must agree to pay all priority tax debt, in full, in "deferred cash payments" over the life of the plan. *See* 11 U.S.C. §§ 507 & 1322(a)(2). However, because the "deferred cash payments" do not bear interest,[1] a debtor essentially receives an interest free loan for the duration of the case.[2]

■ A discharge is granted in Chapter 13 upon completion of all plan payments. 11 U.S.C. § 1328(a).[3] A Chapter 13 debtor who successfully obtains a discharge is relieved from further liability associated with the priority tax debt. *See id.* Commonly referred to as a "super-discharge" provision, the debtor who successfully completes their Chapter 13 plan enjoys this unique ability to pay their tax liability without the penalties and interest normally associated with tax debt. More specifically, the debtor does not pay any postpetition interest or penalties on the unsecured priority claim, nor prepetition interest on any general unsecured claim.[4]

■ In this case, the Debtor paid the priority tax debt, in full, under a confirmed Chapter 13 plan. The Debtor, however, did not complete the plan payments, and did not receive a Chapter 13 discharge. Instead, the Debtor converted the case and received a Chapter 7 discharge. *See* 11 U.S.C. § 727.[5] As such, any unpaid tax debt in question in this case would not be discharged. *See* 11 U.S.C. § 727(b). Additionally, if the underlying tax is nondischargeable, the penalties and interest on that tax are nondischargeable, including postpetition interest. *Burns v. United States (In re Burns)*, 887 F.2d 1541, 1543–

1. *See, e.g., In re Hageman,* 108 B.R. 1016, 1018 (Bankr.N.D.Iowa 1989) (holding 11 U.S.C. § 1322(a)(2) does not entitle unsecured priority claim holders to interest on their claim); *cf. In re Herr,* 80 B.R. 135, 136–7 (Bankr.S.D.Iowa 1987) (holding same for same language in 11 U.S.C. § 1222(a)(2) regarding family farmer reorganization).

2. *See id.*

3. A Chapter 13 debtor may, under certain circumstances, receive a discharge without paying all of the plan payments. 11 U.S.C. § 1328(b). However, this "hardship discharge" is more limited than the regular Chapter 13 discharge, and specifically excepts tax debt of the type at issue here from discharge. 11 U.S.C. §§ 1328(c) & 523(a).

4. See *Hageman,* 108 B.R. at 1018–19. *See generally,* 8 *Collier on Bankruptcy,* §§ 1300.71[3][b] & 1322.03 (Lawrence P. King, ed., 15th ed.1999).

5. The Court notes that upon conversion of a case from Chapter 13 to 7, the petition date relates back to the date of the filing of the Chapter 13 case. 11 U.S.C. § 348.

44 (11th Cir.1989) (adopting the reasoning in *In re Hanna*, 872 F.2d 829, 830–31 (8th Cir.1989) interpreting and applying *Bruning v. United States*, 376 U.S. 358, 360, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964)).[6]

In *In re Quick*, 152 B.R. 902 (Bankr. W.D.Va.1992), the debtors filed a Chapter 13 case, confirmed a plan (and later a modified plan), and paid on the plan for several years before converting the case to Chapter 7. *Id.* at 903–04. Prior to converting the case, the debtors specifically contacted the Chapter 13 Trustee for a payoff figure for their IRS priority debt. *Id.* at 904. Unlike the Debtor in the instant case, the *Quick* debtors allegedly underpaid their priority tax debt by $ 36.69, so it was not completely paid when the case converted to Chapter 7.[7] Other than this factual distinction, (in the instant case there is no dispute the Debtor paid the priority tax claim in full during the pendency of the Chapter 13), the *Quick* case is identical to the case at bar.

 In a well reasoned opinion, the *Quick* court concludes the debtors are liable for postpetition interest and penalties arising from the priority taxes. *Id.* at 908–09. Regarding the postpetition interest in particular, the opinion quotes, " 'It is clear that the interest-bearing quality of a debt is suspended, rather than extinguished, by the filing of a petition in bankruptcy. In certain circumstances ... the accrual of interest may continue during the period of bankruptcy administration.' " *Id.* at 907 (alteration in original) (quoting *Nicholas v. United States*, 384 U.S. 678, 682 at n. 9, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966)). This Court agrees and determines the Chapter 13 confirmed plan did not eliminate the postpetition interest on the IRS claim, but merely suspended it during the pendency of the plan. Had the plan been completed and the Chapter 13 discharge obtained, the interest and penalties on the debt would remain unmatured and discharged. However, the conversion to Chapter 7 ended the suspension of the "interest-bearing quality" of the priority tax debt. *See id.* at 907–09.

 There is no need to restate the *Quick* court's reasoning here. However, the *Quick* court opinion states, "[a]rguably, even if the debtors had paid all of the priority portion of the Internal Revenue Service claim before they dismissed their case, they might still be personally liable for any accrued interest and penalties on that portion of the claim after dismissal." This Court concludes the Debtor in the instant case remains liable. The interest and penalties on a priority tax claim in a Chapter 13 case are only extinguished by a Chapter 13 discharge, except in such rare case that such taxes could be discharged by a Chapter 7 discharge. Accordingly, it is

ORDERED, ADJUDGED, AND DECREED that the Court finds in favor of the United States Government, holding the payment of the priority tax claim under the confirmed Chapter 13 plan did not extinguish the Government's right to collect postpetition interest and penalties on the priority tax claim where the Debtor/Plaintiff received only a Chapter 7 discharge. The Court shall enter a separate final judgment in favor of the United States of America.

---

6. The *Burns* facts were slightly different in that there were some penalties associated with dischargeable taxes. *See Burns*, 887 F.2d at 1543–44 & 1551. However, the reasoning in the opinion implicitly supports the nondischargeability of penalties and interest on nondischargeable taxes. *See id.* at 1544.

7. Ultimately, the full priority amount was satisfied by applying a 1991 tax overpayment. *Quick*, 152 B.R. at 904.